**SCHWARTZ v YOUNGSTOWN (city)**

Ohio Appeals, 7th Dist. Mahoning Co

No 2442. Decided June 30, 1938

George Edwards, Youngstown, for appellant.

W. B. Spagnola, Youngstown, for appellee.

## OPINION

By CARTER, J.

Appellant was charged in the Municipal Court of the City of Youngstown with violation of a city ordinance which makes it a criminal offense for any person, association of persons, firm or corporation to buy or sell the unused portions of non-transferable railroad tickets whose use is restricted to the original purchaser thereof by the Railroad Company issuing them or to act as vendor or broker of partially used non-transferable railroad tickets or to solicit personally or by sign or by advertisement or in any other manner to aid in the sale or purchase of partially used non-trasferable railroad tickets within the limits of the city of Youngstown. When arraigned, appellant pled "not guilty," hearing had in the Municipal Court, wherein the accused was found guilty and sentenced to pay a fine of $25.00 and costs and ten days in the county jail, the jail sentence to be suspended on condition that the fine and costs were paid within thirty days. From this conviction appeal was prosecuted to the Common Pleas Court, wherein the conviction by the Municipal Court was affirmed, and appeal is prosecuted to this court to reverse the Common Pleas and Municipal Courts. This cause was heard in the early part of the April term, and in preparing an opinion it was discovered that the transcript from the Municipal Court indicated that the prosecution was under a state statute, while the claim was made in argument and brief that the charge was based on the violation of a city ordinance. This matter was called to the attention of counsel and a hearing had and the evidence disclosed that the at-

fidavit was based upon a city ordinance and in preparing a transcript of the Municipal Court a state rather than a municipal form of charge was mistakenly used; such was disclosed in the hearing to correct same to conform to the true facts. Objection was raised by appellant to any correction. However, we have permitted the correction to be made to show the true status of the case and will make disposition of same as corrected with exceptions to appellant.

Accused apparently carried on at least to some extent, the business of going on or near railroad property and solicited persons for the purchase of partially used tickets when the owner did not intend to use same or was unable to do so. These unused tickets were purchased cheaply and re-sold to others who bought same at a reduced rate and were used by the latter purchasers. An ordinance was passed by Council of the City of Youngstown making it a criminal offense to thus sell unused or partially used railroad tickets.

Appeal is prosecuted to this court on three grounds:

1. That the ordinance under which the prosecution was brought is illegal.

2. That notwithstanding the legality, if it be legal, the court had no jurisdiction.

3. That the judgment is against the weight of the evidence.

As to the illegality of this ordinance it is urged that the ordinance is illegal for the reason that it provides a penalty for an act which under the statutes of the state is not criminal. That is, the ordinance creates a new crime and therefore exceeds the limit of powers granted to municipalities by the Constitution. Youngstown is and was at the time of the enactment of this ordinance a charter city. Article 18 Section 7 of the Ohio Constitution provides:

"Any municipality may frame and adopt or amend a charter for its government and may subject to the provisions of Section 3 of this Article, exercise thereunder all powers of local self-government."

**Section 3 of Article 18** provides:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws."

In the case of **Leis v Railroad, 101 Oh St** 162, the Court say:

"The words 'general laws' used in this Section refer to laws passed by the Legislature which are of general application throughout the state."

We find no state statute making the offense charged in the instant case a crime. Neither has any such statute been called to our attention. Therefore the enactment of the ordinance in question cannot possibly be in conflict with any general law of the state, and it is the opinion of the court that under the charter provisions of the Constitution and under the Constitutional provision that Municipalities ▮▮▮▮▮▮ ▮ shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws, the city had power and authority under the police power delegated therein to enact the ordinance in question.

In the case of **Akron v Seisloft, 22 N. P. (N.S.) 533**, which holding was affirmed by the Court of Appeals of that district, the Court held:

"This section confers upon the council of a charter city legislative power as to matters of local self-government to the same extent as the Legislature possesses such power for the State at large and the validity of a contract for a local improvement undertaken by a charter city is not dependent upon statutory law relating to municipalities but upon the provisions of its charter and the acts of the council thereunder."

To the same effect see **Goebel v Cleveland Railway Co, 17 N. P. (N.S.), 337,** wherein the court held:

"A city having adopted a charter under the home rule amendment acquires the same power to legislate that the General Assembly has and the charter repeals statutes conflicting therewith."

In the case of **Struthers v Sokel, 108 Oh St, 263,** the Court say:

"Municipalities in Ohio are authorized to adopt local police, sanitary and other similar regulations by virtue of Ohio Constitution **Article 18, paragraph 3**, and derive no authority from and are subject to no limitations of the General Assembly except that such ordinances shall not be in conflict with general laws. In determining whether an ordinance is in conflict with general laws the test is whether the ordinance permits

or licenses that which the statute forbids and prohibits and vice versa. A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the General law or because certain specific acts are omitted in the ordinance but referred to in the general law or because different penalties are provided for the same acts even though greater penalties are imposed by the municipal ordinances."

And other cases might be cited to the same effect. This claim of appellant is not tenable.

Now, it is urged that the court below had no jurisdiction. This contention is based on the claim that the sale of the tickets was not made in Youngstown but in Struthers, which is no part of the city of Youngstown, and there is some testimony in the record that some sales were made in Struthers and not in Youngstown. However, at the time of the discussion relating to the sale which it is claimed took place in Struthers some of the tickets were to be delivered in Youngstown and the purchase price paid at that time. The testimony in this regard is not very clear. However, over and against this contention the appellant, as disclosed by the record, admitted to certain officers at the time she was taken into custody that she had sold some of the tickets in Youngstown. Under this testimony the court certainly had jurisdiction under the ordinance.

As to the finding and affirmance by the Common Pleas Court that appellant was guilty as charged being against the weight of the evidence. Under the evidence in the case as hereinbefore indicated this court is unable to say that the finding of the Municipal Court and the affirmance of that finding by the Common Pleas Court is against the manifest weight of the evidence. Judgment of the Municipal Court and the Court of Common Pleas affirmed.

NICHOLS, PJ, and BENNETT, J, concur in judgment.